Richard M. Garbarini (RG 5496)
Thomas J. FitzGerald (TF 2426)
GARBARINI LAW GROUP P.C.
501 Fifth Avenue, Suite 1708
New York, New York 10017
(212) 300-5358 Telephone
(888) 265-7054 Facsimile

Attorneys for Plaintiffs YESH MUSIC, INC.,
RICHARD CUPOLO and JOHN EMANUELE

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 20 2011 ★
BROOKLYN OFFICE

CV 11 - 5097
WEINSTEIN, J.
GO, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YESH MUSIC, INC., RICHARD CUPOLO,    :   COMPLAINT FOR PERMANENT
and JOHN EMANUELE,                    :   INJUNCTIVE RELIEF AND
                                      :   DAMAGES FOR COPYRIGHT
            Plaintiffs,               :   INFRINGEMENT
                                      :
   vs.                                :   JURY TRIAL DEMANDED
                                      :
THE MLB NETWORK, LLC,                 :
                                      :   ECF CASE
            Defendants.               :
-----------------------------------------------------------x

Plaintiffs YESH MUSIC, INC ("Yesh"), RICHARD CUPOLO ("Cupolo") and JOHN EMANUELE ("Emanuele") (collectively "Plaintiffs") by their undersigned counsel, bring this action for permanent injunctive relief and damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §101, et seq. ("the Copyright Act"). As described in more detail below, defendant THE MLB NETWORK, LLC ("MLBN") has willfully infringed Plaintiffs' copyrights by copying the compositions identified in Exhibit A attached hereto, and by this reference incorporated into, this Complaint (the "Copyrighted Compositions") without authority, by performing publically the Copyright Compositions and by synchronizing the Copyright Compositions to audio visual works. As a

1

result, Plaintiffs are entitled to actual and punitive damages or, in the alternative, statutory damages in the amount of $150,000 per infringement, as available under the law.

## PARTIES

1. Plaintiff Yesh Music, Inc. is a New York corporation with its principal offices located at 75-10 197th Street, Flushing, New York. At all times relevant, Yesh was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights.

2. Plaintiff Richard Cupolo is an individual residing in Garden City, New York. At all times relevant, Cupolo was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights.

3. Plaintiff John Emanuele is an individual residing in Flushing, New York. At all times relevant, Emanuele was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights.

4. Plaintiffs are informed and believe, and on that basis aver, that Defendant The MLB Network, LLC, is a New Jersey limited liability company, and at all relevant times was, engaged in, among other things, the business of transmitting audio/visual programming, content and advertising via cable television service providers, including the commercial exploitation of musical composition copyrights.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1338(a).

6. Personal jurisdiction over the Defendant is proper in this Court, among other reasons, on the grounds that Defendants and/or Defendants' agents regularly transact business in the State of New York, and on the further grounds that Defendants' copyright infringement, among other wrongful conduct alleged herein, occurred, in part, in the State of New York and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and

### ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiffs are the sole copyright owners in and to copyrighted musical compositions, including but not limited to those compositions listed on Exhibit A attached to, and by this reference incorporated into, this Complaint. All such compositions, including but not limited to those identified on Exhibit A, are referred to in this Complaint as the "Copyrighted Compositions."

9. Plaintiffs have complied with all of the laws pertinent to the Copyrighted Compositions as copyrighted works and, in particular, have applied for and received Certificates of Copyright Registration from the Register of Copyrights for the Copyrighted Compositions.

10. Plaintiffs are compensated for use of the Copyrighted Compositions primarily from the licensing of musical compositions and from the licensing fees from the reproduction, distribution and performances or other commercial exploitation of their copyrighted works.

11. Plaintiff John Emanuele signed a document dated February 18, 2010 and entitled "Re: 'Twelve Days Awake' by American Dollar/ Thursday Night Baseball", which was sent to Plaintiffs by MLBN.

12. The terms of the February 18, 2010 document include the acknowledgement that all Plaintiffs are members of the American Society of Composers, Authors and Publishers

("ASCAP), which is a leading Performance Rights Organization ("PRO") for the collection and payment of royalties to owners of rights in and to, among other works, copyrighted musical works.

13. By drafting the February 18, 2010 document sent to the Plaintiffs for review and signature, MLBN represented that it would and could pay any royalties for the public performance of Plaintiff's work "Twelve Days Awake" to Plaintiffs under MLBN's license with ASCAP.

14. Upon information and belief, MLBN had no license with ASCAP on February 18, 2010.

15. Starting on April 8, 2010, MLBN began to broadcast programs that synchronized the work "Twelve Days Awake" with video images created and transmitted by MLBN.

16. Thereafter, MLBN began to broadcast advertisements and promotions for its programming that synchronized the work "Twelve Days Awake" with video images created and transmitted my MLBN.

17. From April 8, 2010 through September 23, 2010, MLBN synchronized the work "Twelve Days Awake" sixty (60) times.

18. In a document dated June 8, 2010 between Yesh and MLBN entitled "STANDARD SYNCHONIZATION and MASTER USE LICENSE AGREEMENT", MLBN had the obligation of "securing any required non-dramatic public performance licenses from ASCAP..." for performance of Plaintiffs' works during transmission of the MLBN programs entitled "MLB Tonight," "Quick Pitch," "Thursday Night Baseball," "On-Deck Circle," "Hot Stove," and "Batting Practice".

19. Upon information and belief, MLBN was not a licensee of ASCAP on June 8, 2010.

20. On August 3, 2010, MLBN used Plaintiffs' work "Signaling Through The Flames" in a broadcast promotion for the MLBN program entitled "MLB Network Special Baseball".

21. On Friday, August 6, 2010, MLNB used Plaintiffs' work "Signaling Through The Flames" in a promotional broadcast of the MLBN program entitled "MLB Network Special Baseball".

22. In a document dated August 31, 2010 between Yesh and MLBN entitled "STANDARD SYNCHONIZATION and MASTER USE LICENSE AGREEMENT", MLBN had the obligation of "securing any required non-dramatic public performance licenses from ASCAP..." for performance of Plaintiffs' work "Signaling Through The Flames" during the transmission of the MLBN program entitled "Thursday Night Baseball".

23. Upon information and belief, MLBN was not a licensee of ASCAP on August 31, 2010.

24. From August 6, 2010 through September 23, 2010, MLBN synchronized the work "Signaling Through The Flames" on at least twenty (20) occasions.

25. On Tuesday, September 14, 2010, MLNB used Plaintiffs' work "Signaling Through The Flames" on at least seven (7) occasions in broadcasts of the MLBN program entitled "MLB Network Special Baseball".

26. On Tuesday, September 14, 2010, MLBN used Plaintiffs' work "Twelve Days Awake" on at least three (3) occasions in broadcasts on the MLBN Program entitled "MLB Network Special Baseball".

27. At no time did Plaintiffs grant any license of any kind to MLBN for use of any of Plaintiffs' works in connection with the transmission of a program entitled "MLB Network Special Baseball".

28. Upon information and belief, MLBN did not have a public performance license with ASCAP until on or about October, 2010.

29. In a document dated April 8, 2011 between Yesh and MLBN entitled "STANDARD SYNCHONIZATION and MASTER USE LICENSE AGREEMENT", MLBN received the right to synchronize Plaintiffs' works "Signaling Through The Flames" and "Twelve Days Awake" during the transmission of the MLBN program entitled "Thursday Night Baseball" and promotions for the same.

30. On Friday, April 8, MLNB used Plaintiffs' work "Signaling Through The Flames" on at least seven (7) occasions and Plaintiffs' work "Twelve Days Awake" on at least three (3) occasions in broadcasts of the MLBN program entitled "MLB Network Special Baseball".

31. On Tuesday, April 12, MLNB used Plaintiffs' work "Twelve Days Awake" on at least three (3) occasions in broadcasts of the MLBN program entitled "MLB Network Special Baseball".

32. On Tuesday, April 19, MLNB used Plaintiffs' work "Signaling Through The Flames" on at least four (4) occasions and Plaintiffs' work "Twelve Days Awake" on at least three (3) occasions in broadcasts of the MLBN program entitled "MLB Network Special Baseball".

33. As of the date of this Complaint, Plaintiffs have not received a single payment of public performance royalties for its works.

34. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered actual damages, including lost profits, lost opportunities, loss of goodwill, lost publicity, attorney's fees and interest and, are entitled to compensatory and punitive damages, or, in the alternative, are entitled to statutory damages for willful infringement in the amount of $150,000.00 for each infringement as available under the law.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

35. Plaintiffs here incorporate by this reference each and every allegation of Paragraphs 1 through 32, inclusive, as if fully set forth.

36. Defendant has, without authority from Plaintiffs, reproduced and publicly displayed and/or publicly distributed sound recordings embodying Plaintiffs' copyrighted works.

37. The foregoing conduct of Defendant was willful and malicious and constitutes copyright infringement in violation of 17 U.S.C. §§ 106, 115 and 501.

38. As a direct and proximate result of Defendants' infringement, Plaintiffs have incurred damages, as described more fully above. Therefore, Plaintiffs request that they be awarded actual damages, for each infringement, plus costs, interest, attorney's fees and punitive damages in an amount to be determined, or in the alternative, statutory damages for willful infringement in the amount of $150,000 for each infringement as available under the law.

### SECOND CLAIM FOR RELIEF
### PERMANENT INJUNCTION

39. Plaintiffs here incorporate by this reference each and every allegation of Paragraphs 1 through 36, inclusive, as if fully set forth.

40. Defendant's conduct, as averred in this Complaint, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.

41. Plaintiffs have no adequate remedy at law.

42. Pursuant to 17 U.S.C. § 502, Plaintiffs, and each of them, are entitled to a permanent injunction prohibiting further infringements of Plaintiffs' copyrights by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

A. On Plaintiffs' First Claim for Relief, for damages in such amount as may be found, including punitive damages pursuant to 17 U.S.C. § 504(b); in the alternative, for statutory damages in the amount of not less than $150,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B. On Plaintiffs' First and Second Claims for Relief, for a permanent injunction prohibiting further infringements of Plaintiffs' copyrights by Defendant;

C. For prejudgment interest according to law;

D. For Plaintiffs' attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505; and

E. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: October 19, 2011
     New York, New York

Garbarini Law Group P.C.
*Attorneys for Plaintiffs*

By: Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
Thomas J. FitzGerald (TF 2426)
tfitzgerald@garbarinilaw.com
501 Fifth Avenue
Suite 1708
New York, New York 10017
Telephone: 212.300.5358
Facsimile: 888.265.7054

# EXHIBIT A

## COPYRIGHTED COMPOSITIONS

| SONG TITLE | ALBUM | REGISTRATION NUMBER |
|---|---|---|
| "Twelve Days Awake" | *The American Dollar* | PA 1-346-426 |
| "Signaling Through The Flames" | *The Techincolour Sleep* | PA 1-306-744 |