Robert W. Clarida (rwc@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESH MUSIC, INC., RICHARD CUPOLO and JOHN EMANUELE, <br><br> Plaintiffs, <br><br> v. <br><br> THE MLB NETWORK, LLC, <br><br> Defendant. | ACTION NO. 11 CV 5097 |

## ANSWER

Defendant The MLB Network, LLC ("MLBN"), by and through its undersigned attorneys answers the Complaint filed by Plaintiffs as follows:

1. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.

2. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.

3. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.

4. MLBN denies the allegations of paragraph 4 except admits that it is and at all relevant times has been a Delaware limited liability company, engaged in, among other

things, the business of transmitting audio/visual programming, content and advertising via cable television service providers.

5. Paragraph 5 sets forth a conclusion of law that is respectfully referred to the Court for its consideration.

6. Paragraph 6 sets forth a conclusion of law that is respectfully referred to the Court for its consideration, except MLBN admits that it regularly transacts business in the State of New York.

7. Paragraph 7 sets forth a conclusion of law that is respectfully referred to the Court for its consideration.

8. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8.

9. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9, and further states that the copyright registration numbers listed by Plaintiffs on Exhibit A to the Complaint are incorrect, according to the on-line records of the United States Copyright Office.

10. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. MLBN admits the allegations of paragraph 11.

12. MLBN respectfully refers to the Court to the document referenced in the allegations of paragraph 12, which document is the best evidence of its contents.

13. MLBN respectfully refers to the Court to the document referenced in the allegations of paragraph 13, which document is the best evidence of its contents.

28453/001/1277326.1

14. MLBN denies the allegations of paragraph 14, and states that MLBN has at all relevant times had an appropriate license with ASCAP in connection with the works here at issue, see annexed Exhibit A (October 28, 2011 letter from Ray Schwind, Vice President/Director of Broadcast Licensing for ASCAP and attachments thereto, confirming that MLBN "has been licensed to perform any or all of the copyrighted musical works in the ASCAP repertory effective as of the January 1, 2009 launch date of the MLB Network").

15. MLBN denies the allegations of paragraph 15, except admits that MLBN has transmitted programs incorporating the work "Twelve Days Awake" pursuant to license, beginning on April 8, 2010.

16. MLBN denies the allegations of paragraph 15.

17. MLBN denies the allegations in paragraph 17, except admits that MLBN synchronized the referenced work, pursuant to license.

18. MLBN respectfully refers to the Court to the document referenced in the allegations of paragraph 18, annexed hereto as Exhibit B, which document is the best evidence of its contents.

19. MLBN denies the allegations of paragraph 19, and states that it has at all relevant times had an appropriate license with ASCAP in connection with the works here at issue, see annexed Exhibit A.

20. MLBN denies the allegations of paragraph 20.

21. MLBN denies the allegations of paragraph 21.

28453/001/1277326.1

22. MLBN respectfully refers to the Court to the document referenced in the allegations of paragraph 22, annexed hereto as Exhibit C, which document is the best evidence of its contents.

23. MLBN denies the allegations of paragraph 23, and states that it has at all relevant times had an appropriate license with ASCAP in connection with the works here at issue, see annexed Exhibit A.

24. MLBN denies the allegations in paragraph 24, except admits that MLBN synchronized the referenced work, pursuant to license.

25. MLBN denies the allegations of paragraph 25, except admits that it has used the referenced work, pursuant to license.

26. MLBN denies the allegations of paragraph 26, except admits that it has used the referenced work, pursuant to license.

27. MLBN denies the allegations in paragraph 27, see attached Exhibits B and C, which grant MLBN the right to use the referenced works in programming tentatively entitled *inter alia* "Thursday Night Baseball," in whole or in part, and in any and all versions and derivatives.

28. MLBN denies the allegations of paragraph 28, and states that it has at all relevant times had an appropriate license with ASCAP in connection with the works here at issue.

29. MLBN respectfully refers to the Court to the document referenced in the allegations of paragraph 29, annexed hereto as Exhibit D, which document is the best evidence of its contents.

30. MLBN denies the allegations of paragraph 30, except admits that it has used the referenced works, pursuant to license.

31. MLBN denies the allegations of paragraph 31, except admits that it has used the referenced work, pursuant to license.

32. MLBN denies the allegations of paragraph 32, except admits that it has used the referenced works, pursuant to license.

33. MLBN denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, except states that it has made all necessary payments to Plaintiffs' agent, ASCAP, as required by that entity, see Exhibit A .

34. MLBN denies the allegations of paragraph 34.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

35. MLBN incorporates by reference the foregoing responses to each and every allegation of paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. MLBN denies the allegations of paragraph 36.

37. MLBN denies the allegations of paragraph 37.

38. MLBN denies the allegations of paragraph 38, and states that Plaintiffs are entitled to no relief in connection with the allegations in this action.

## SECOND CLAIM FOR RELIEF
## PERMANENT INJUNCTION

39. MLBN incorporates by reference the foregoing responses to each and every allegation of paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. MLBN denies the allegations of paragraph 40.

28453/001/1277326.1

41. MLBN denies the allegations of paragraph 41.

42. MLBN denies the allegations of paragraph 42.

### FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

MLBN's allegedly infringing acts were undertaken pursuant to a valid license from Plaintiffs and/or Plaintiffs' agent, ASCAP.

### FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of estoppel.

### FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of acquiescence.

WHEREFORE, MLBN demands entry of Judgment dismissing Plaintiff's Complaint with prejudice, striking Plaintiff's demand for damages and injunctive relief, awarding MLBN the costs and disbursements of this action, including reasonable attorney's fees, and such other and further relief as this court deems just and proper.

Dated:  New York, New York
        November 15, 2011

6

28453/001/1277326.1

COWAN, LIEBOWITZ & LATMAN, P.C.

By _____
    Robert W. Clarida (rwc@cll.com)
Attorneys for Defendant The MLB Network, LLC
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

28453/001/1277326.1